UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BELCHER, | ) | 1:09cv1234 DLB |
| | ) | |
| | ) | ORDER DISREGARDING AND STRIKING |
| | ) | EXHIBIT ONE TO DEFENDANT'S |
| Plaintiff, | ) | OPPOSITION |
| | ) | |
| v. | ) | ORDER REGARDING |
| | ) | PETITION FOR FEES |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | (Document 25) |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on September 7, 2010, by Plaintiff John Belcher ("Plaintiff"). The Commissioner filed an opposition on October 7, 2010, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed his reply on October 21, 2010.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

**BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on July 16, 2009. On June 9, 2010, the Court granted Plaintiff's Complaint and remanded the action for further proceedings. Specifically, the Court found that the testimony of the Vocational Expert

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

was not supported by substantial evidence and was not free of legal error because the ALJ failed to confirm that the testimony was consistent with the Dictionary of Occupational Titles. On remand, the ALJ was ordered ensure that a step five finding, if any, was supported by substantial evidence and free of legal error.

Judgment was entered in favor of Plaintiff on June 9, 2010.

By this motion, Plaintiff seeks $10,644.43 in attorneys' fees and $68.64 in costs, for a total award of $10,713.07. In opposition, Defendant contends that the requested fees are unreasonable and suggests that the Court award no more than $4,500.00 in attorneys' fees. Defendant does not contest the $68.64 in costs. In reply, Plaintiff concedes a total of 4.55 attorney hours,[2] for a reduced fee request of $9,860.74 and costs in the amount of $68.64.

**DISCUSSION**

A.   Defendant's Exhibit One

In an effort to demonstrate the unreasonableness of the amount of time spent on Plaintiff's Opening Brief, Defendant attaches Plaintiff's Confidential Letter Brief and invites the Court to compare the two documents. The Court declines to do so, however, and ORDERS that Exhibit One be DISREGARDED and STRICKEN. The Confidential Letter Brief is for settlement purposes only and will not be used as evidence against a party to these proceedings.

B.   Reasonableness of Request

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the

---

[2] Specifically, Plaintiff concedes (1) 1.8 hours in clerical time, which was opposed by Defendant; and (2) 2.75 hours spent in preparation of the EAJA petition. Although Plaintiff concedes this time, he does not agree with all of Defendant's assertions. Nonetheless, the Court will not address this time.

2

number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

After his concessions, Plaintiff requests a total of $9,860.74 for attorney time spent in litigating this action. This breaks down to 57.25 attorney hours billed at $172.24 per hour. Plaintiff also requests $68.64 in costs, which is not disputed. In support of his request, Plaintiff submits itemizations of time spent by (1) Attorney Ralph Wilborn, from October 15, 2009, through September 4, 2010; and (2) Attorney Sengthiene Bosavanh, from May 15, 2009, through July 27, 2010.

Defendant does not dispute that Plaintiff is entitled to a fee award as the prevailing party, nor does he dispute the hourly rate. Rather, he contends that the requested time is excessive.

    1.    *Time Spent Reviewing Record and Briefing Issues*

          a.    *Hardisty v. Astrue*

Defendant first challenges the fee request by citing the recent Ninth Circuit decision in *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010) to support his contention that counsel should not be compensated "for work performed on issues that the Court did not resolve" in Plaintiff's favor. Defendant then calculates the number of pages in the Opening Brief and Reply that were dedicated to "briefing of meritorious arguments" and concludes that such briefing accounted for "less than half (42%) of the total briefing." Based on this percentage, Defendant suggests that "any EAJA fee award should be reduced proportionally to compensate Plaintiff only for those issues the Court resolved in his favor." Opposition, at 3-4.

In *Hardisty*, the Ninth Circuit reviewed the district court's denial of an EAJA fee petition. In affirming the denial, the Ninth Circuit held that the provisions of the fee-shifting statute do not extent fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." *Hardisty*, 529 F.3d at 1077. The Court's decision was based in part on the Supreme Court's command "that a request for attorney's fees should not result in a second major litigation." *Id.* at 1077-1078 (*citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. Of Health & Human Res.*, 532 U.S. 598, 609 (2001)). Requiring the district court to determine whether the government's position on unadjudicated issues was substantially justified

would put the court "in the position of conducting essentially de novo review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." *Id.* at 1078 (internal citations omitted).

As Plaintiff argues, however, *Hardisty* should not be extended to the facts of this action. The district court in *Hardisty* found that the government's position was substantially justified on the issue upon which remand was based, and the issue was therefore not a basis for EAJA fee-shifting. *Hardisty*, 592 F.3d at 1075. The district court also rejected the plaintiff's argument that fees should be awarded for the government positions that he challenged but that the Court did not address when it originally reviewed the case. Here, however, Defendant has conceded the substantial justification issue and challenges only the reasonableness of the fee request. This Court is therefore not faced with undertaking the type of "second litigation" rejected in *Hardisty*.

Moreover, extending *Hardisty* to the reasonableness analysis is both contrary to Supreme Court precedent and wholly unfeasible. In *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." However, the Court recognized that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation. . .

*Hensley*, 461 U.S. at 435. Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories.

Indeed, at least in cases where there is a single claim for relief, i.e., a claim for Social Security benefits, attorneys are not likely to itemize their billing entries according to specific arguments. Defendant invites this Court to reduce the award proportionally to the amount of

4

pages dedicated to briefing the issue upon which remand was based.  Doing so, or engaging in any other method for determining the amount of time spent on a single argument, would be speculative, at best.

          b.        Length of Administrative Record

Defendant next argues that the time requested is excessive in light of the length of the Administrative Record.

Attorney Wilborn billed 41.75 hours for reviewing the ALJ's decision, reviewing the Administrative Record, conducting research, and preparing and revising the Confidential Letter Brief, Opening Brief and Reply.  Defendant points out that the Administrative Record was only 362 pages, less than one-third of which consisted of medical records.  Defendant also characterizes the issues as "neither novel nor complex."  Opposition, at 4.

While the Administrative Record may not have been large, the length of the pleadings, and this Court's 29 page order, shows that some of the issues were not as novel as Defendant suggests.  Plaintiff's Opening Brief was 28 pages, excluding the Table of Contents and Index of Authorities, and presented seven issues.  These issues included the application of *Chavez v. Bowen*, compliance with SSR 00-4p, evaluation of Plaintiff's obesity, compliance with SSR 96-6p, analysis of Plaintiff's credibility and the ALJ's development of the record.  The seventh issue, however, presented an unusual twist.  Plaintiff, who was unrepresented at the hearing, argued that his waiver of the right to counsel was invalid under the Commissioner's HALLEX and *Cox v. Califano*.  Plaintiff also argued that he was prejudiced, in light of his lack of representation, by the ALJ's failure to develop the record.

Representing a claimant who was unrepresented at the hearing likely requires extra attention to the administrative proceedings to ensure that the claimant received a fair hearing. Such representation also includes issues, like those noted above, that are not necessarily encountered on a regular basis, even by experienced attorneys.

Defendant also fails to mention that his Opposition, excluding the Table of Contents and Table of Authorities, was 25 pages.  In response, Plaintiff presented the Court with a 14-page Reply brief.

1  Nevertheless, while the Court does not agree with Defendant's characterization of the
2  issues, counsels' request of approximately 44 hours[3] for review of the record and preparation of
3  the Confidential Letter Brief, Opening Brief and Reply, is excessive.  The Court finds that 35
4  hours is a reasonable amount of time given the nature of this action.

   2.   *Time Spent Prior to Filing of Complaint*

6  Finally, Defendant challenges 6.0 hours spent by Attorney Bosavanh reviewing the action
7  prior to filing the Complaint and preparing the Complaint.  Defendant admits that counsel is
8  entitled to some time spent reviewing the case and preparing the complaint, and suggests that 2.0
9  hours of compensation is a reasonable amount.

10  Attorney Bosavanh spent approximately 4.5 hours from May 15, 2009, through July 15,
11  2009, reviewing the Appeals Council denial and the ALJ's decision, participating in numerous
12  telephone conversations with her client, meeting once with her client, and discussing the merits
13  of the action with co-counsel.  Spread over two months, this does not seem like an unreasonable
14  amount of time spent reviewing the action and assessing its merits.  Additionally, as explained
15  above, Plaintiff was unrepresented during the administrative action and counsel was reasonable
16  in thoroughly examining the record.

17  Attorney Bosavanh also spent 1.5 hours on July 16, 2009, drafting the Complaint and
18  related documents, filing the documents and e-mailing documents to the Court.  A review of the
19  docket reveals that in addition to the Complaint, counsel submitted an Application to Proceed in
20  Forma Pauperis and a proposed order.  The Court finds that this amount of time was reasonable
21  for the tasks performed.

## AWARD

23  Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total
24  amount of $7,690.26.  This amount represents compensation for 44.25 attorney hours at $172.24
25  per hour, and $68.64 in costs.

26  This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).
27  Defendant indicated that if Plaintiff did not owe a government debt that qualified for offset, then

---

[3] This includes time spent by Attorney Bosavanh.

1  payment could be made in the name of Plaintiff's attorney based on the government's
2  discretionary waiver of the Anti-Assignment Act.  Plaintiff has not, however, provided the Court
3  with any information as to the status of any federal debts.
4       IT IS SO ORDERED.
5       Dated:   **December 8, 2010**                    /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE