**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BELCHER, | ) | 1:09cv1234 DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART PLAINTIFF'S |
| | ) | MOTION TO AMEND JUDGMENT |
| v. | ) | |
| | ) | (Document 31) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On December 9, 2010, the Court issued an order awarding Plaintiff $7,690.26 in attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount was calculated as follows: [44.25 hours of attorney time at $172.24 per hour] + $68.64 in costs.

On December 23, 2010, Plaintiff filed a motion to amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60. Plaintiff contends that the order contains a calculation error and failed to "identify specific time reductions to allow Plaintiff to know how much to pay each of the attorneys." Motion, at 1. Defendant did not respond to the motion.

Specifically, Plaintiff moves under Rule 60(a), which permits the Court to correct a "clerical mistake or a mistake arising from oversight or omission..." The Court may correct such a mistake on a motion or on its own. Plaintiff also moves under Rule 59(e) to prevent "manifest errors of law or fact" and/or "manifest injustice."

1     To the extent that the order contains mathematical errors, the Court will review the order
2 under Rule 60(a).  However, the Court will not amend the judgment to award each attorney a
3 specific amount.  Plaintiff's attorneys have contracted with each other to perform services and
4 are certainly capable of splitting the award as they see fit.  The Court's failure to divide the award
5 hardly amounts to "manifest injustice."

6     Turning to the calculation error, Plaintiff contends that according to the time disallowed
7 by the Court, it should have awarded a total of 48.25 attorney hours.  In the order, however, the
8 Court awarded 44.25 hours.

9     Plaintiff is correct.  Plaintiff requested a total of 57.25 hours and the Court reduced the
10 award by 9 hours, for a total of **48.25** hours.

11     Accordingly, Plaintiff's motion is GRANTED IN PART.  The Court's December 9, 2010,
12 order is amended to read:

13         Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total amount of $8,379.22.  This amount represents compensation for 48.25 attorney
14         hours at $172.24 per hour, and $68.64 in costs."

15

16

17    IT IS SO ORDERED.

   **Dated:**   **February 1, 2011**              **/s/ Dennis L. Beck**
18                                                       UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28