UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BELCHER, | ) | 1:09cv1234 DLB |
| | ) | |
| | ) | ORDER REGARDING SUPPLEMENTAL |
| | ) | APPLICATION FOR FEES |
| Plaintiff, | ) | |
| | ) | (Document 35) |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Supplemental Application for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on May 3, 2011, by Plaintiff John Belcher ("Plaintiff"). The Commissioner filed an opposition on July 5, 2011, arguing that Plaintiff is not entitled to further compensation, or alternatively, that the requests are excessive. Plaintiff filed his reply on July 8, 2010.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

### **BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on July 16, 2009.

On June 9, 2010, the Court granted Plaintiff's Complaint and remanded the action for further proceedings.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

1  On September 7, 2010, Plaintiff filed his first application for EAJA fees. On December 9, 2010, the Court granted the motion and awarded Plaintiff $7,690.26 in fees and $68.64 in costs.

On December 23, 2010, Plaintiff filed a motion to amend the judgment and sought to correct a calculation error. Plaintiff also requested that the Court identify specific reductions so that Plaintiff could calculate the amount due to his attorneys, Sengthiene Bosavanh and Ralph Wilborn. Defendant did not respond to the motion.

The Court granted Plaintiff's motion in part on February 2, 2011. The Court corrected the calculation error and amended the judgment to reflect an award of $8,379.22 in fees and $68.65 in costs. The fee award represented compensation for 48.25 hours of attorney time at $172.24 per hour. As to Plaintiff's request that the Court amend the judgment to award each attorney a specific amount, the Court denied the request: "Plaintiff's attorneys have contracted with each other to perform services and are certainly capable of splitting the award as they see fit. The Court's failure to divide the award hardly amounts to 'manifest injustice.'"

On May 3, 2011, Plaintiff filed the instant Supplemental Application for EAJA Fees. Plaintiff now seeks an additional $1,706.83 in fees to compensate for time spent in the EAJA reply briefing. Specifically, he seeks compensation for .5 hours of work performed by Ms. Bosavanh and 9.25 hours of work performed by Mr. Wilborn.

Defendant filed an opposition to the request on July 5, 2011. Defendant argues that Plaintiff has already received over $8,300.00 in fees and had an opportunity to present this additional request when he filed his first EAJA motion in October 2010. Alternatively, Defendant contends that the fee request is "patently excessive." Opposition, at 2.

Plaintiff filed a reply on July 8, 2011.

## DISCUSSION

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

1  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,
2  and charges that are not properly billable to a client are not properly billable to the government.
3  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the
4  number of hours reasonably expended. Cunningham v. County of Los Angeles, 879 F.2d 481,
5  484 (9th Cir. 1988).

6  A.     Validity of Motion

7  By this motion, Plaintiff seeks $1,706.83 for 9.75 hours of attorney time spent in
8  connection with the EAJA reply briefing. This time was not included in the original EAJA
9  motion or the reply.

10 There is no dispute that work performed in preparing an EAJA reply is compensable.
11 Nor is there any dispute as to the applicable hourly rate of $175.06 for work performed in 2010.
12 Defendant opposes the motion, however, mainly because Plaintiff has already received fees and
13 "had every opportunity to request fees for time his attorneys spent preparing his EAJA reply brief
14 when Plaintiff actually filed his EAJA reply brief in October 2010." Opposition, at 1.[2]

15 Indeed, this request comes in an unusual manner. Generally, requests for time spent in an
16 EAJA reply are made in the actual reply. Simply adding time spent in the reply, rather than
17 engaging in a second round of briefing, saves the resources of both the judicial system and the
18 parties involved.

19 Nonetheless, a preference for making the request in the reply does not make the instant
20 supplemental request improper. Plaintiff suggests that a supplemental request is the only
21 procedurally proper way to request fees for the reply briefing, though this is based on Plaintiff's
22 characterization of the supplemental request as an entirely new motion. According to Plaintiff,
23 "[i]nserting a claim for supplemental EAJA fees in a reply brief, as the Commissioner suggests,

---

[2] Defendant did not question whether the supplemental petition is timely. In sentence four remands, the filing period begins when the appeal period has run, i.e., 60 days after the order remanding is entered by the court. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Plaintiff suggests that this supplemental request is timely because it was brought within 30 days of the date the Court's February 2, 2011, order granting the motion to amend the judgment became final. It is not clear, however, whether a first EAJA fee order can restart the clock. In any event, because Defendant did not object on this basis and the timeliness of an EAJA application is not jurisdictional, the Court will proceed to the merits. Hoa Hong Van, 483 F.3d 603, n. 2.

is not an appropriate motion." It is true that reply briefing should not raise new issues not included in the original motion, but a request for fees for the reply briefing in an EAJA motion is not the type of new issue and/or motion generally prohibited.

Insofar as Defendant opposes the motion by arguing that Plaintiff has already received fees "related to the EAJA litigation," the argument is rejected. The instant request is not related to the EAJA work for which counsel has been reimbursed.

Accordingly, there appears to be no procedural basis for denying Plaintiff's motion. In the future, however, Plaintiff's requests related to the reply briefing should be made in the reply.

B.    Reasonableness of Request

Defendant characterizes Plaintiff's request as a "blatant attempt to secure more, and grossly excessive, fees." Opposition, at 2. While Plaintiff is entitled to fees for preparation of the reply briefing, the Court agrees that the request is excessive.

First, Ms. Bosavanh requests .5 hours for reviewing and finalizing the settlement offer and application related to the supplemental fees. As explained above, the fees for the reply should not have required a separate round of settlement negotiations. However, as the attorney ultimately signing the Reply pursuant to her obligations under Rule 11, the Court will allow the .25 hours spent reviewing and finalizing the application. Ms. Bosavanh is therefore entitled to a total of .25 hours.

Second, the 8.0 hours billed by Mr. Wilborn in preparation of the reply brief is unreasonable and excessive. Defendant submitted a 7 page opposition to the EAJA motion, which focused on whether Plaintiff's fee requests were reasonable. In preparing the reply, Mr. Wilborn billed 6.5 hours to "read and analyze all of the cases cited by the Commissioner; note discrepancies between what they stand for and the Commissioner's representations," read the Court's merits opinion, read Defendant's opposition and draft a reply. The Court appreciates the need to research issues and draft a reply, but it is simply unreasonable to spend 8.0 hours responding to routine arguments made by Defendant. The Court finds that this time should be cut to 2.0 hours.

     Finally, Mr. Wilborn bills 1.25 hours for preparation of the motion to amend the judgment.  The need for such a motion, however, was due in part to an inadvertent clerical error by the Court and Defendant should not bear the burden of this fee.[3]  Plaintiff argues that Defendant should be responsible for the fees because counsel "chose inaction," apparently in response to a request to be paid in the correct amount.  This contention, however, is more of a reflection of the growing animosity between the parties than a statement of EAJA law.  Fee awards must be reasonable, and it is not reasonable to hold Defendant accountable for an error of the Court, regardless of counsel's reaction to the error.  The 1.25 hours will not be allowed.

## **AWARD**

     Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total amount of $393.89 (2.25 hours at $175.06 per hour), broken down as follows:

    Ms. Bosavanh:       $43.77

    Mr. Wilborn:        $350.12

     This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

     IT IS SO ORDERED.

     Dated:   **August 3, 2011**                   **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] The motion also contained a request that the Court split the time between Plaintiff's two attorneys, a request that was solely for the benefit of Plaintiff.