1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BELCHER, | ) | 1:09cv1234 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING SECOND |
| Plaintiff, | ) | SUPPLEMENTAL APPLICATION |
| | ) | FOR FEES |
| v. | ) | |
| | ) | (Document 42) |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a Second Supplemental Application for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on August 17, 2011, by Plaintiff John Belcher ("Plaintiff").

Though the motion has not been fully briefed, the Court finds an opposition and/or reply unnecessary for decision.

The parties have consented to the jurisdiction of the United States Magistrate Judge.

**BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on July 16, 2009.

On June 9, 2010, the Court granted Plaintiff's Complaint and remanded the action for further proceedings.

1

1    On September 7, 2010, Plaintiff filed his first application for EAJA fees.  On December

2    9, 2010, the Court granted the motion and awarded Plaintiff $7,690.26 in fees and $68.64 in

3    costs.

4    On December 23, 2010, Plaintiff filed a motion to amend the judgment and sought to

5    correct a calculation error.  Plaintiff also requested that the Court identify specific reductions so

6    that Plaintiff could calculate the amount due to his attorneys, Sengthiene Bosavanh and Ralph

7    Wilborn.  Defendant did not respond to the motion.

8    The Court granted Plaintiff's motion in part on February 2, 2011.  The Court corrected

9    the calculation error and amended the judgment to reflect an award of $8,379.22 in fees and

10   $68.65 in costs.  The fee award represented compensation for 48.25 hours of attorney time at

11   $172.24 per hour.  As to Plaintiff's request that the Court amend the judgment to award each

12   attorney a specific amount, the Court denied the request:  "Plaintiff's attorneys have contracted

13   with each other to perform services and are certainly capable of splitting the award as they see fit.

14   The Court's failure to divide the award hardly amounts to 'manifest injustice.'"

15   On May 3, 2011, Plaintiff filed a Supplemental Application for EAJA Fees.  Plaintiff

16   sought an additional $1,706.83 in fees for time spent on EAJA reply briefing.  The Court granted

17   the motion, but decreased the award to a more reasonable $393.89.

18   On August 17, 2011, Plaintiff submitted a *Second* Supplemental Application for EAJA

19   fees, seeking a total of $628.28.

**DISCUSSION**

21   Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

22   government demonstrates that its position in the litigation was "substantially justified," or that

23   "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of

24   attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

25   "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

26   and charges that are not properly billable to a client are not properly billable to the government.

27   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the

28

1  number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481,

2  484 (9th Cir. 1988).

3       After receiving EAJA awards in connection with the first two applications totaling more

4  than $8,700.00, Plaintiff now seeks an additional $628.28 for 3.5 hours "expended defending

5  entitlement to EAJA fees."  Application, at 1.  Specifically, Plaintiff seeks 3.25 hours for time

6  spent by Ralph Wilborn in defending the Supplemental Application and .25 hours spent in

7  preparation of the Second Supplemental Application.

8       In its prior order, the Court clearly expressed its preference for including time spent in an

9  EAJA reply in the actual reply itself.  Although there was no procedural basis for denying

10 Plaintiff's Supplemental Application, the Court explained that engaging in a second round of

11 briefing wasted resources of both the judicial system and the parties.  The Court also reduced

12 certain portions of the request because the fee request should not have required a separate round

13 of settlement negotiations.

14      Now, Plaintiff comes before the Court yet again to request even more fees.  The Court

15 denies the request.  First, and as previously suggested by the Court, Plaintiff's decision to seeks

16 fees in an entirely new round of briefing should not render the Commissioner responsible for the

17 fees incurred.  Although the Court did allow reduced fees for time spent in preparation of the

18 reply to the original EAJA application, there is simply no basis for allowing fees here.  The Court

19 will not require the Commissioner to pay Plaintiffs' attorneys fees where the work performed

20 was simply unnecessary.

21      Second, absent unusual circumstances, an attorney's entitlement to fees should end with

22 time spent in replying to the initial EAJA application.  Allowing Plaintiff to continue to request

23 fees for work performed on supplemental applications would permit a never-ending cycle of

24 EAJA fee requests.

25      It is therefore ORDERED that Plaintiff's Second Supplemental Request is DENIED.

26      IT IS SO ORDERED.

27   **Dated:   August 30, 2011**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
28

3